NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADIA FURSOFF, | : |
| | : Civil Case No. 09-5845 (FSH) (PS) |
| Plaintiff, | : |
| | : **OPINION AND ORDER** |
| v. | : |
| | : Date: March 15, 2010 |
| MARINE TRANSPORT LOGISTIC INC., *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**HOCHBERG, District Judge**:

This matter comes before the Court upon a motion to dismiss (docket # 20) Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Plaintiff on February 18, 2010.  The Court has considered the written submissions of the parties and this Motion solely on the papers pursuant to Federal Rule of Civil Procedure 78.

**I.      Introduction**

This is a putative class action, brought under the Fair Labor Standards Act (FLSA).  Plaintiff is Nadia Fursoff, a former employee of Defendants.  She sues on her own behalf and on behalf of all other employees of Defendants since November 16, 2006.  Defendants are Marine Transport Logistic Inc., World Express & Connection, Inc., Alex Solovyev, and Alia Solovyev.  Plaintiff claims that she and other employees did not receive premium overtime pay, in violation of the FLSA.  Defendants Marine Transport Logistic Inc. and World Express & Connection, Inc. assert various state-law counterclaims, alleging that Plaintiff unlawfully converted Defendants' funds and accepted kickbacks in exchange for awarding Defendants' contracts to a third party (who is not a party to this action).  Plaintiff now moves to dismiss the counterclaims on the grounds that this Court lacks subject matter jurisdiction.

**II.     Summary of Allegations**

    A.     <u>The Complaint</u>

Plaintiff was employed by Defendants as a dispatcher from approximately May 2008 through September 13, 2009.  Compl. ¶ 26.  Plaintiff worked a minimum of 45 hours per week – often as many as 50.  ¶¶ 28-29.  Regardless of the number of hours Plaintiff worked, she was paid at a fixed rate.  ¶ 30.  For the first nine months of her employment, Defendants falsely classified her as an independent contractor.  ¶ 34.  As a result, Defendants failed to pay certain payroll taxes, and Plaintiff was forced to pay those taxes instead.  ¶ 35.  Defendants refused to pay Plaintiff for vacation time that she earned.  ¶ 37.  Upon information and belief, Defendants treated other similarly situated employees in the same fashion.  ¶¶ 38-40.

    B.     <u>The Counterclaims</u>

Plaintiff's responsibility was to arrange for cars bought at auction to be transported to the site where they would be shipped to the ultimate destination.  Counterclaim ¶ 2.  Her responsibility was to obtain the best possible price for Defendants.  *Id*.  Instead, she funneled business to Alexy Klepikov at Almocart, who would charge above market rates for the transport and pay kickbacks to Plaintiff.  ¶ 3.  The counterclaim enumerates several examples.  ¶¶4-9.  The total damage to Defendants is in excess of $50,000.  ¶ 10.

**III.    Discussion**

There is no independent jurisdictional basis for Defendants' state law counterclaims.  Diversity appears to be lacking because Defendant Marine Transport Logistic Inc. and Plaintiff are both citizens of New York.  *See* Compl. ¶ 4; Nieporent Decl. Ex. A.  In addition, the amount in controversy for Defendants' counterclaims is alleged to be "in excess of $50,000."  Counterclaim ¶ 10.  The amount in controversy must be $75,000 to invoke this

Court's diversity jurisdiction. 28 U.S.C. § 1332(a). Thus, the counterclaims must be dismissed unless this Court can exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

In order for the Court to exercise supplemental jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiff argues that the Court cannot exercise supplemental jurisdiction because there is an insufficient factual nexus between her FLSA claim and Defendants' counterclaims. In support of her argument, Plaintiff principally relies on *Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995) and *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008). In *Lyon*, after a full trial of a FLSA claim and a state law tort claim in the District Court, both brought by plaintiff, the Third Circuit *sua sponte* dismissed the state law tort claim on the grounds that the employer-employee relationship was an insufficient factual nexus to invoke the District Court's supplemental jurisdiction. *See Lyon*, 45 F.3d at 764. In *Torres*, also a FLSA action, the New York District Court granted summary judgment in favor of plaintiff and dismissed defendant's counterclaims alleging employee misconduct by plaintiff. *See Torres*, 628 F. Supp. 2d at 468-69. Though entitled to respect, the *Torres* decision is not binding on this Court. Moreover, both *Torres* and the Third Circuit's decision in *Lyon* were issued at a much more advanced stage in the litigation.

Defendants argue that adjudicating Plaintiff's claims will require an examination of Plaintiff's compensation structure. That analysis will necessarily entail whether Plaintiff illegally converted funds as part of her "compensation." Defendants further argue that they intend to invoke the faithless servant doctrine, which would entitled them to forfeiture of Plaintiff's compensation. Without passing on the merits of these arguments, the Court notes that

3

the *Torres* court considered and rejected similar counterclaims to those asserted by Defendants, and it is binding precedent in this circuit that the factual nexus between Plaintiff's FLSA claim and Defendants' counterclaims must be more substantial than merely the employer-employee relationship.

Despite Plaintiff's substantial challenges to this Court's subject matter jurisdiction over Defendants' counterclaims, the Court declines to dismiss the counterclaims at this stage of the litigation. However, in light of the Third Circuit's decision in *Lyon*, it would be appropriate to revisit this question after the completion of fact discovery.

**IT IS THEREFORE** on this 15th day of March, 2010,

**ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaims is **DENIED**; and it is further

**ORDERED** that Plaintiff may renew this motion upon the completion of fact discovery.

**IT IS SO ORDERED**.

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.